**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **SHAWN ALLEN CARROLL** | : | **DOCKET NO. 2:24-mc-00076** |
| **VERSUS** | : | |
| **TURNER INDUSTRIES GRP LLC** | : | **MAGISTRATE JUDGE LEBLANC** |

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion to Vacate Arbitration Ruling filed by plaintiff Shawn Allen Carroll. Doc. 1.  The motion is opposed by defendant Turner Industries Group LLC ("Turner") [doc. 6] and Plaintiff has replied [doc. 9], making this motion ripe for resolution.  For the reasons set forth below, the motion is **DENIED**.

### I.  BACKGROUND

The instant motion arises from Plaintiff's claims of wrongful discharge, refusal to reinstate, and refusal to rehire in relation to his April 4, 2023, termination from Turner. Doc. 1, att. 2, p. 1. Specifically, on March 21, 2024, Plaintiff filed a Demand for Arbitration ("the Demand") with the American Arbitration Association ("AAA") regarding these claims in compliance with the Dispute Resolution Agreement ("DRA") he signed when he was hired by Turner [doc. 1, att. 3]. Doc. 1, att. 2.  In the Demand, Plaintiff asserts claims pursuant to the Americans with Disabilities Act ("the ADA"), Louisiana Revised Statute 23:1361 (Worker's Compensation), and Louisiana Revised Statute 23:301 et seq. (the Louisiana Human Rights Act). *Id.*

Following filing of the Demand, the parties agreed to the selection of Denise M. Pilie as arbitrator and submitted briefs regarding which state's law was to apply to, and the proper venue for, resolution of the Demand. Doc. 1, att. 1 p. 9.  Pilie ruled that Texas law would apply, and the proper venue would be in Orange, Texas. *Id.*  Accordingly, on August 30, 2024, Plaintiff submitted

a Motion to Amend Demand for Arbitration to update his Louisiana state law claims to Texas state law claims.[1] Doc. 1, att. 10.  That same day, Turner filed a Motion for Judgment on the Pleadings citing the Texas state law asserted by Plaintiff in his proposed amended demand. Doc. 1, att. 4.

After receiving briefing from both parties on the Motion for Judgment on the Pleadings, Pilie issued a ruling dismissing Plaintiff's claims for terminating and refusing to reinstate under Texas Labor Code § 21:051, the ADA, and Texas Worker's Compensation Act, Subtitle B § 421.001 et seq., all with prejudice. Doc. 1, att. 8.  In her reasons for the ruling, Pilie explained that (1) Plaintiff does not have a claim under the Texas's Worker's Compensation statute as Plaintiff was not injured on the job and (2) Plaintiff does not have a viable claim under the ADA or Texas Labor Code because he did not file a disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC") as required before bringing this action. Doc. 1, att. 9.  She further noted that the time to file such a charge has passed. *Id.*

In the instant motion, pursuant to 9 U.S.C. § 10(a)(4) (the Federal Arbitration Act), Plaintiff seeks vacatur of Pilie's ruling as to his wrongful termination claims under the ADA and the Texas Labor Code.[2] Doc. 1, att. 1, p. 15.  Plaintiff argues the DRA does not require "a charge of some sort being filed before the Demand for Arbitration is filed" [*id.* at p. 12] and the time limitations set by the applicable statutes to file with the EEOC and TWC should not apply as they were not set out in the DRA [*id.* at p. 17].  Specifically, Plaintiff claims the ruling should be vacated because Pilie exceeded her powers as arbitrator and because her ruling does not draw its essence from the

---

[1] Specifically, Plaintiff claimed violations of Texas Labor Code § 21:051 et seq. and Texas Worker's Compensation Act, Subtitle B § 421.001 et seq. for terminating and refusing to reinstate or rehire him. Doc. 1, att. 10.

[2] Plaintiff does not object to Pilie's dismissal of his claim under the Texas Worker's Compensation Act. Doc. 1, att. 1, pp. 14-15.

DRA. *Id.* at p. 17.  Plaintiff claims that instead of basing her decision on the procedural provisions of the DRA, she focused solely on the time limitations set out in the ADA and Texas Labor Code. *Id.*

In opposition, Turner argues that Pilie did not exceed her authority because the DRA authorizes her to resolve disputes regarding its interpretation. Doc. 6, p. 4.  Turner also argues that the DRA requires that an arbitration demand be filed within the limits of applicable statutes of limitation. *Id.* at pp. 4-5.  Further, Turner contends Plaintiff failed to uphold his heavy burden of showing that Pilie did not interpret the DRA; to the contrary, Pilie's ruling was supported by various provisions of the DRA including the provision affirming that the AAA Rules govern its terms.[3] *Id.* at pp. 8-9.  Finally, Turner argues that even if the AAA Rules did not apply, arbitrators are allowed to refer to other sources of law for guidance. *Id.* at p. 10.

In his final reply, Plaintiff merely reasserts that Pilie did not base her decision on the language of the DRA and that she "draft[ed] a new Dispute Resolution Agreement" to administer "her own sense of industrial justice." Doc. 9, p. 2.

## II.  LAW AND ANALYSIS

Pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 10(a), a court may only vacate an arbitration award in four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

---

[3] These rules provide that "[t]he initiating party (hereinafter 'Claimant[s]') shall: (1) File a written notice (hereinafter 'Demand') of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator."

To vacate an arbitration award under Section 10(a)(4), as Plaintiff asks this court to do, the arbitrator must have exceeded his authority. *Cooper v WestEnd Capital Management, LLC*, 832 F.3d 545 (5th Cir. 2016).  However, an arbitrator only exceeds his authority when he acts contrary to the contractual provisions of the arbitration agreement. *Delta Queen S.B. Co. v. Dist. 2 Marine Engr's Beneficial Ass'n*., 889 F.2d 599, 604 (5th Cir. 1989).

Further, there is a strong federal policy in favor of arbitration and judicial review of arbitration awards should be "extraordinarily narrow" and "exceedingly deferential." *Rain CII Carbon, LLC v. Conoco Phillips Co.*, 674 F.3d 469, 471-72 (5th Cir. 2012).  Accordingly, the party seeking to vacate the award bears the burden of proof and any uncertainties must be resolved in favor of upholding the award. *Cooper*, 832 F.3d at 544.  "It is not enough for petitioners to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671, 130 S. Ct. 1758, 1767 (2010).  Thus, a court cannot review the merits of the award but must accept the arbitrator's interpretation of the facts, contract, and applicable law, *Manville Forest Prods. Corp. v. United Paperworkers Int'l Union*, 831 F.2d 72, 74 (5th Cir. 1987), because "[the parties] have 'bargained for' the 'arbitrator's construction' of their agreement,'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S. Ct. 462 (2000).  As Plaintiff seeks vacatur only on the ground that Pilie exceeded her authority, this is the only circumstance that will be considered.[4]

"The law regarding judicial review of labor disputes is well settled. 'So long as the arbitrator's decision draws its essence from the collective bargaining agreement and the arbitrator

---

[4] "The statutory bases for vacating an arbitrator's award are the only grounds on which a court may vacate an award. *Hall St. Assocs. LLC v Mattel, Inc.*, 552 U.S. 576, 586 (2008). The Fifth Circuit has rejected grounds that go beyond the statutory language. *Citigroup Glob. Mkts., Inc. v Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)." *JIA Inc. v. Quality Staffing Network LLC*, No. 6:24-cv-00418 (W.D. La. Aug. 16, 2024).

is not fashioning his own brand of industrial justice, the award cannot be set aside.'" *Houston Lighting & Power Co. v. Int'l Bhd. of Elec. Workers, Loc. Union No. 66*, 71 F.3d 179, 181–82 (5th Cir. 1995) (quoting *Delta Queen*, 889 F.2d at 602).  Specifically, in applying the "essence test," the United States Fifth Circuit Court of Appeals has held that an arbitrator's basis for award need only be "rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement." *Executone Info. Systems, Inc. v. Davis*, 26 F.3d 1314, 1325 (5th Cir. 1994) (citations omitted).

"It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724 (2001) (*per curiam*) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358 (1960)).  The arbitrator may, however, "look beyond the written contract when interpreting a collective bargaining agreement if the instrument is ambiguous or silent upon a precise question." *Delta Queen*, 889 F.2d at 602 (quoting *Manville Forest Prods.*, 831 F.2d at 75; *see also Folger Coffee Co. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.-UAW, Local Union No. 1805*, 905 F.2d 108, 110 (5th Cir. 1990)).

Here, the arbitrator did not exceed her authority when issuing the arbitration award.  First, the DRA gives the arbitrator "the exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability, of this DRA." Doc. 1, att. 3, p. 3.  The DRA also clearly states that "[b]oth Employee and the Company agree to resolve their claims pursuant to the AAA Employment Arbitration Rules and Mediation Procedures (the 'Rules')." *Id.* at p. 2.  These AAA rules specifically state that the initiating party must "[f]ile a written notice (hereinafter 'Demand') of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator."

The DRA further specifies that it "does not affect or limit an Employee's right to file a charge with a federal, state or other governmental administrative agency, including but not limited to the Equal Employment Opportunity Commission." *Id.*

In her reasons for ruling, Pilie cites the applicable federal and Texas statutes that require a charge to be made with the EEOC and TWC before bringing a claim against an employer. Doc. 1, att. 9, pp. 4-5. These statutes both include time limitations in which a claimant must submit the charge to proceed with an action against his employer. *Id.*  As the DRA, which referenced the AAA rules, gave Pilie the authority to look to the statute of limitations of applicable statutes, resolve disputes as to the timeliness of the arbitration demand, and interpret the language regarding the DRA's effect on Plaintiff's right to bring a charge with the EEOC or "other governmental administrative agency" [doc. 1, att. 3, p. 2],  it is apparent that Pilie exercised the authority given to her by the DRA and that her award was reasonably inferred from the purpose and language of the DRA.

Further, Pilie's reliance on the applicable statutes and their requirements does not change the outcome of this inquiry as she had the authority to "refer to other sources of law for guidance" *Folger Coffee Co.*, 905 F.2d at 110.  Accordingly, Plaintiff has not upheld his heavy burden of showing that Pilie's award was not drawn from the essence of the DRA or that she applied her "own brand of industrial justice" by following and interpreting the DRA provisions and laws governing this claim.

### III. CONCLUSION

For the reasons discussed above, the Motion to Vacate Arbitration Ruling [doc. 1] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 31st day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**